UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

In Re:  Stephen Thomas Yelverton )          Pre-Filing Injunction
 )
 )          Motion for Leave
 ) to be directed to District Judge Cooper
 )
 )
 Debtor )          Bankruptcy Case No. 09-00414
 )          Chapter 7

**SEP 08 2016**
Clerk, U.S. District and
Bankruptcy Courts

## MOTION FOR LEAVE TO APPEAL TO THE DISTRICT COURT

COMES NOW, Debtor Stephen Thomas Yelverton, and hereby seeks Leave to
Appeal to the United States District Court, under 28 U.S.C. 158 (a)(1) and (3), and Fed.
R. Bkrtcy. P., Rules 8002, 8003, and 8004, where the decisions to be Appealed are
referenced in the concurrently filed Notice of Appeal on this date.

1. Leave to Appeal is requested from the District Court, pursuant to FRBP, Rule
8004.  The Leave to Appeal is necessary in view of the Pre-Filing Injunction issued by
the District Court, and in view of the decisions in Docket Nos. 1063-1066 referenced in
the Notice of Appeal as being designated as interlocutory, but with others as being final.

2. Leave to Appeal should be granted because the decisions to be Appealed raise
unanswered key questions of Bankruptcy law under BAPCPA (adopted in 2005) that
have not previously been resolved by any published decisions in the D.C. Circuit, or in
any other Circuit.

3. This question of law was mentioned in *dictum* in 2014 WL 36585 at *1 by the
D.C. Bankruptcy Court, but in a different factual context, and it deferred a ruling until the
Chapter 7 Trustee's administrative fees were finally determined.  Thus, that decision is a
non-final and advisory opinion not binding on the Debtor.

4. The unresolved question of law is the priority of a non-Discharged Spousal Creditor to be paid Domestic Support obligations over the administrative claims of the Chapter 7 Trustee and his professionals, under 11 U.S.C. 507 (a)(1)C).

5. In its decisions to be Appealed, the D.C. Bankruptcy Court acknowledged the novel and unresolved nature of this question of law as to the priority of Domestic Support obligations to be paid over the claims of the Chapter 7 Trustee and his professionals.

6. The Bankruptcy Court relied upon In Re Barker, 2015 WL 2208356 (N.D. Ala,). However, it acknowledged, at *5, that 11 U.S.C. 507 (a)(1)(C) might allow payment to the Chapter 7 Trustee only when the priority Spousal claims for Domestic Support are first paid. But here, Yelverton's Spousal Creditor, Alexandra Nicole Senyi de Nagy-Unyom, would be paid nothing for Domestic Support, although owed over $1 Million.

7. Another priority claim to be resolved on Appeal is the "common law equitable lien" that Ms. Senyi has on the funds to be distributed. This lien resulted from a written contract by Yelverton on April 2, 2008, to pay Ms. Senyi the first $100,000, from the sale of certain property that subsequently became property of the Estate on May 14, 2009, and which the Chapter 7 Trustee now seeks to be used to pay his administrative fees.

8. Under the common law, District of Columbia law, and North Carolina law, "equitable liens" arise as to contracts where there is a distinct identification of property in which one is to be paid, and with prior notice, this "equitable lien" takes priority over the rights of others as to the property, which subsequently arise. Continental Casualty Co. v. Kelly, 106 F.2d 841, 843 (D.C. Cir. 1939); In Re Aumiller, 168 B.R. 811, 815-817 (Bkrtcy. D.D.C. 1994). See also, Dobbs on Remedies, Section 4.3, p. 593, n. 22 (1973), Dan Dobbs, Professor of Law, University of North Carolina at Chapel Hill.

9.   An "equitable lien" takes <u>priority</u> over the claims of a Bankruptcy Trustee, or others, who have notice of the lien. <u>In Re Hope</u>, 231 B.R. 403, 423-426 (Bkrtcy. D.D.C. 1999); <u>In Re Aumiller</u>, <u>id.</u>, at 818-819. Only an Article III court can resolve state property law issues. <u>Stern v. Marshall</u>, 131 S. Ct. 2594, 2600-2601 (2011).

10. Although the D.C. Bankruptcy Court designated its decisions in Docket Nos. 1063-1066 awarding administrative fees to the Chapter 7 Trustee and his law firm as being interlocutory, those decisions are final.  This is because it fixed the priority claims of Ms. Senyi, albeit erroneously. <u>In Re Miller</u>, 284 B.R. 734, 736 (10th Cir. B.A.P. 2002).

11. The Debtor has conclusive Article III "standing" to Appeal, under established law in <u>McGuirl v. White,</u> 86 F.3d 1232, 1234-1236 (D.C. Cir. 1996).  This is because he has non-Discharged Spousal debt, where a reduction in what is paid in fees to the Chapter 7 Trustee and his professionals would reduce payment on this non-Discharged debt.

12.  An "injury" to the Debtor, where a reduction in the amount owed for a non-Discharged debt is <u>not</u> made, would be "redressable" by an Appeal. <u>Lujan v. Defenders,</u> 504 U.S. 555, 570, and n. 5 (1997).  Thus, although a Debtor might <u>not</u> have "standing" as a party in interest to the Chapter 7 Trustee's fee application request in the Bankruptcy Court, this does <u>not</u> negate Article III "standing" on Appeal of that fee application.

WHEREFORE, this Motion for Leave is submitted.  This will be a paid Appeal and <u>not</u> IFP.  Copies of the decisions on Appeal are attached to the Notice of Appeal.

This the 8th day of September, 2016,

Respectfully submitted,

Stephen Thomas Yelverton, *Pro Se*,
3033 Wilson Blvd., # E-117
Arlington, VA 22201
Tel.  202-702-6708 (mobile)   Email: styelv@aol.com

**UNITED STATES POSTAL SERVICE**

**POSTAL MONEY ORDER**

Serial Number

2389552856B

Year, Month, Day    Post Office    U.S. Dollars and Cents

Two Hundred Ninety Eight Dollars and 00/100 ********

Amount

Pay to  Clerk. U. S. Bankruptcy Court    Clerk

Address  Case No. 09-00414    From  S. T. Yelverton

Filing Fee    Address  3033 Wilson Blvd. #E-117

Memo  Bankruptcy    Arlington, VA 22201
      Appeal

© 2008 United States Postal Service   All Rights Reserved

⑈00000800 2⑈    2389552856B⑈'

SEE REVERSE WARNING • NEGOTIABLE ONLY IN THE U.S. AND POSSESSIONS

## CERTIFICATE OF SERVICE

I, Stephen Thomas Yelverton, *Pro Se*, hereby certify that a copy of this Motion for Leave to Appeal was served the 8th day of September, 2016, by U.S. Mail, first class, postage pre-paid, or by E-Mail, to the following persons and parties:

Wendell W. Webster, Esq., Chapter 7 Trustee
Natalie S. Walker, Esq., General Counsel to the Chapter 7 Trustee
1775 K St., N.W., Suite 500
Washington, DC 20006

Bradley D. Jones, Esq.
Office of U.S. Trustee
115 South Union St., Suite 210
Alexandria, VA 22314

Ronald L. Gibson, Esq., Special Counsel to the Chapter 7 Trustee
Ruff, Bond, Cobb, Wade & Bethune, LLP
831 E. Morehead St., Suite 860
Charlotte, NC 28202

Jeffrey L. Tarkenton, Esq,
Womble Carlyle
1200 Nineteenth St., N.W., Suite 500
Washington, DC 20036
Counsel for non-Creditors and Bankruptcy "insiders" Edmundson/Marm

Richard J. Rodgers, Esq.
600 Baltimore Ave., Suite 208
Towson, MD 21204
Counsel for non-Discharged Creditor, Sedghi Investment Properties, LLP

Alexandra Nicole Senyi de Nagy-Unyom, *Pro Se*
Bergenheidengasse 8-1-16
1130 Vienna, Austria
Non-Discharged Spousal Creditor

Stephen Thomas Yelverton, *Pro Se*

4

UNITED STATES BANKRUPCTY COURT
FOR THE DISTRICT OF COLUMBIA

In Re:  Stephen Thomas Yelverton          )          Pre-Filing Injunction
                                          )
           Debtor                         )          Case No. 09-00414
                                          )          Chapter 7

*FILED*

*SEP 08 2016*

*Clerk, U.S.*
*Bankruptcy District and*
*Courts*

## NOTICE OF APPEAL WITH MOTION FOR LEAVE TO APPEAL

COMES NOW, Debtor Stephen Thomas Yelverton, and hereby timely appeals to

the United States District Court, under 28 U.S.C. 158 (a)(1) and (3), and Fed. R. Bkrtcy.

P., Rules 8002, 8003, and 8004, the Amended Memorandum Decision Re Trustee's

Special Counsel's Application for Compensation, entered August 29, 2016, at Docket

No. 1075; Memorandum Decision Re Trustee's Special Counsel's Application for

Compensation, entered August 25, 2016, at Docket No. 1061; Order Re Trustee's Special

Counsel's Application for Compensation, entered August 25, 2016, at Docket No. 1062;

Memorandum Decision Re Applications for Allowance and Payment of Chapter 7

Administrative Expense Claims, entered August 25, 2016, at Docket No. 1065; Order

Approving Trustee's Application for Interim Compensation, entered August 25, 2016, at

Docket No. 1064; Order Granting Interim Application of Natalie S. Walker and Webster,

Frederickson, Correia, and Puth, PLLC, for Compensation and Reimbursement of

Expenses, entered August 25, 2016, at Docket No. 1063; Order Re Applications for

Allowance and Payment of Chapter 7 Administrative Expense Claims and Order Re

Debtor's Motion per FRCP, Rule 59 (e), or for Reconsideration per Rule 54 (b) as to Fee

Applications, entered August 25, 2016, at Docket No. 1066; and Order Dismissing

Motion to Compel Discovery Responses from Special Legal Counsel, Ronald L. Gibson,

Esq., entered August 25, 2016, at Docket No. 1067.  All underlying rulings are Appealed.